IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 1:24-cr-10279-JEK |
| ) | |
| DISHANT GUPTA ) | |
| Defendant ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The government, by and through its undersigned counsel, hereby submits this Sentencing Memorandum as to defendant Dishant Gupta (the "Defendant"). For the reasons set forth herein and to be discussed at sentencing, the government respectfully recommends that the Court sentence the defendant to a term of imprisonment of one year and one day, followed by three years of supervised release, a fine, a mandatory special assortment fee of $100, as well as forfeiture in the amount of $260,078. The government submits that its recommended sentence is sufficient but not greater than necessary to achieve the goals of sentencing articulated in 18 U.S.C. § 3553(a)(2).

On October 8, 2024, the defendant pled guilty to an Information charging him with one count of Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a); and 17 C.F.R. § 240.10b-5. He is scheduled to appear for sentencing on January 30, 2025.

**I.  BACKGROUND REGARDING THE GUIDELINES RANGE AND OFFENSE CONDUCT**

The parties agree as to the calculation of the defendant's Offense Conduct and Guidelines Sentencing Range ("GSR"). Probation correctly calculated the defendant's Total Offense Level as 15. Presentence Investigation Report ("PSR") ¶ 2. This calculation includes the following specific offense characteristic- the defendant's gain from the offense of conviction was more than

1

$250,000 and not more than $550,000 (§ 3E1.1). In turn, given that the defendant is Criminal History Category I, Probation accurately calculated the defendant's GSR as 18-24 months imprisonment. *Id.* ¶ 74.

## II.     DISCUSSION OF THE 3553(A) FACTORS

The government is recommending a sentence of one year and one day imprisonment, which is below the applicable GSR. This sentence is appropriate based upon the factors outlined in 18 U.S.C. § 3553(a), namely, the history and characteristics of the Defendant, the nature and seriousness of the offense, the need to provide just punishment, and the need to provide specific and general deterrence.

*History and Characteristics of the Defendant*

The Defendant's history and characteristics, as set forth in the PSR, support the government's sentencing recommendation of one year and a day. While the defendant had to overcome serious adversity in his childhood, he appears to have largely succeeded and for at least a period of time, achieved the American Dream. ¶¶ 55-57. He is well-educated—he has an advanced degree in business management. ¶ 66. He secured meaningful, well-paying work in the United States. First, he worked at Cognizant Technology Solutions, a multinational business. ¶ 69. He then began working at Ipsen Biopharmaceuticals as Director of Data Strategies and Operations, where he made more than $250,000. He held that job for roughly five years. *Id.*

In short, after moving to the United States, the defendant achieved financial stability and professional success. He was making more than four times the average U.S. wage when he committed the instant offense. *See* https://www.bls.gov/news.release/ocwage.nr0.htm. Unlike many other individuals that come before this Court, the defendant was not motivated by desperation, addiction, or a lack of opportunity—he was motivated by greed. The defendant, who

already had a well-paying job, decided to try and steal even more money. That counsels in favor of a sentence of incarceration.

In considering these aggravating factors, the government also recognizes that the defendant promptly and fully accepted responsibility for his actions. He agreed to plead guilty before the government charged him by criminal complaint or indictment. The government recognizes this early acceptance of responsibility and that is largely why it has agreed to recommend a sentence well below the advisory guideline range. There is no need for the Court to depart any lower to achieve the goals of sentencing.

*Nature, Circumstances, and Seriousness of the Offense*

The government's recommendation appropriately reflects the nature and seriousness of the offense. This was a crime of opportunity. Over roughly two and a half months, the defendant repeatedly traded on materially nonpublic information ("MNPI") and took steps to try and avoid detection. This was not a mistake or a momentary lapse of judgment—it was a plan to try and make as much money as possible without getting caught.

In furtherance of this crime, the defendant took various steps (1) he purchased more than 300,000 shares of Epizyme, (2) he purchased Epizyme in three different accounts that he held in his own name, (3) he purchased large amounts of Epizyme in a brokerage account held in his wife's name, (4) he transferred money from personal bank accounts to brokerage accounts to buy more Epizyme shares, and (5) he hid all this from his employer because he knew that what he was doing was illegal.

Over two months, he made roughly $260,000, which was just about the same amount as his annual salary. The defendant believed that he had successfully completed this crime and gotten away with it, until the Federal Bureau of Investigation approached him last year.

The defendant's crime is a form of corruption. He took advantage of the trust that his employer, and co-workers, placed in him to try and make money. This is a serious offense that warrants an incarcerative sentence.

### *Need to Promote Respect for the Law, Just Punishment, and Adequate Deterrence*

Finally, the government's recommended sentence will also promote general deterrence. The Court must fashion a sentence for the defendant that deters others from committing similar crimes. *United States v. Prosperi*, 686 F.3d 32, 47 (1st Cir. 2012) ("We have previously emphasized the importance of general deterrence in white-collar crime."). The need for general deterrence in these types of theft cases is simple: "[b]ecause economic and fraud-based crimes are 'more rational, cool, and calculated than sudden crimes of passion or opportunity' these crimes are 'prime candidates for general deterrence.'" *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quoting Stephanos Bibas, White–Collar Plea Bargaining and Sentencing After Booker, 47 Wm. & Mary L.Rev. 721, 724 (2005)).

Similarly situated corporate insiders should be put on notice that insider trading is a criminal act that will be punished in a meaningful way through a loss of liberty, not just payment of a fine and a forfeiture. Just punishment through a sentence of incarceration also promotes respect for the law by dispelling any notion that a corporate employee like the defendant can simply pay his way out of the consequences of his crimes. It also sends the clear message that the Court will protect the integrity of our financial markets. The government's recommended sentence achieves these goals.

### III.  CONCLUSION

For these reasons and those to be discussed at the sentencing hearing, the Government recommends that the Court sentence the Defendant to one year and one day imprisonment and 36 months of supervised release.

Respectfully submitted,

LEAH FOLEY
United States Attorney

By: /s/ Benjamin A. Saltzman
Benjamin A. Saltzman
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I, Benjamin A. Saltzman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Benjamin A. Saltzman*
Benjamin A. Saltzman
Assistant United States Attorney
